**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Alan Hipskind, | No. CV-16-01713-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Petitioner Dennis Hipskind filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Court referred the petition to Magistrate Judge Michelle H. Burns. Doc. 3. Respondents filed a response (Doc. 15), and Petitioner filed a reply (Doc. 19). Judge Burns issued a report and recommendation (R&R), suggesting that the Court deny the petition. Doc. 20. Petitioner filed objections to the R&R (Doc. 23) and Respondents replied (Doc. 26). The Court will deny the objections and adopt Judge Burns's recommendation.

**I.     Background.**

Petitioner was convicted by a jury in Maricopa County Superior Court of two counts of sexual abuse, three counts of molestation of a child, and four counts of sexual conduct with a minor. He was sentenced to multiple consecutive terms of imprisonment, the longest of which was life with a possibility of parole after 35 years. He appealed, raising three evidentiary issues and one alleged disclosure violation. Doc. 15-1

at 4-29, 101. On June 16, 2011, the Arizona Court of Appeals affirmed, finding no reversible error. Doc. 15-1 at 100-14. The Arizona Supreme Court denied review on February 16, 2012. Doc. 15-1 at 116-26; Doc. 15-2 at 2-3.

While the direct appeal was pending, Petitioner filed a notice of post-conviction relief in Maricopa County Superior Court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 15-2 at 5-8. Petitioner's counsel in that action notified the court that he could find no claim to raise on Petitioner's behalf. Doc. 15-2 at 10-12. Petitioner filed a petition pro se, which the court denied on March 5, 2013, explaining:

> The Court has reviewed and considered the petition, the State's response and the defendant's reply, and the record in this case. The Court has construed the petition liberally to account for the fact that the defendant is representing himself. Interpreted in this fashion, the petition raises the following claims: (1) newly discovered evidence exists that probably would have changed the verdict; (2) the prosecutor committed misconduct by misrepresenting the evidence in her closing argument; (3) the recorded out-of court interview of one of the victims should have been excluded at trial pursuant to A.R.S. section 13-4252(A)(8); (4) the Court erred, and the prosecutor committed misconduct, when the State called witnesses for the purpose of asking about incriminating statements by Mr. Hipskind that the State knew the witnesses would deny, intending then to impeach the denials; (5) Count 9 was duplicitous as a result of a jury instruction concerning proof of the date of the offense; and (6) the defendant received ineffective assistance of appellate counsel because appellate counsel failed to raise the duplicity issue and an issue concerning the Court's rulings on evidence surrounding the State's decision not to file charges in 1995.

> There is no "newly discovered evidence" within the meaning of Rule 32. The evidence at issue relates to information conveyed by the mother of the two older children to the person who conducted the recorded interview of the younger one, concerning the stories that the older children had told some years before. Defendant concedes that this information was disclosed to the jury via impeachment of the witnesses.

> The defendant has waived the prosecutorial misconduct, evidence and jury instruction issues (issues 2, 3, 4 and 5). *See* Ariz. R. Crim. P. 32.2(a). The issue of impeachment with Mr. Hipskind's incriminating out-of-court statements was raised on appeal. The other issues could have been raised but were not.

The ineffective assistance claims have no merit. The issue of ineffective appellate assistance was not even raised until the reply brief. In any event, the petition does not show that appellate counsel's decision not to raise the duplicity issue was anything other than a reasonable tactical choice. Even if the defendant had prevailed on this issue he would still be subject to multiple sentences of life imprisonment or the equivalent. As to the rulings on evidence of the 1995 investigation, the petition does not specify the rulings alleged to be incorrect.

Mostly the defendant's petition reargues the facts of the case. This Court cannot redetermine the facts. The jury's decision on the facts is final.

Doc. 15-2 at 42-43; Doc. 20 at 2-3. Petitioner filed a petition for review by the Arizona Court of Appeals, which granted review but denied relief. Doc. 15-2 at 87-88.

The Court of Appeals issued its mandate on February 11, 2015. *Id.* at 90. Petitioner's counsel – the same attorney who found no grounds for post-conviction relief – asked the court to recall the mandate because he had not received a copy and had not advised Petitioner of his right to appeal. *Id.* at 92. The Court of Appeals granted the request and recalled the mandate on March 19, 2015, giving Petitioner until April 20, 2015, to file a petition for review with the Arizona Supreme Court. *Id.* at 97. Petitioner filed no petition for review, and the Court of Appeals issued its final mandate on June 11, 2015. Doc. 15-2 at 99. Petitioner filed his habeas corpus petition with this Court on May 31, 2016. Doc. 1.

## II.     The Petition and the R&R.

Petitioner seeks habeas relief on seven grounds: (1) violation of his due process, equal protection, and Sixth Amendment rights by the introduction of certain testimony at trial; (2) violation of his Sixth Amendment rights by the admission of a transcript of a victim's interview; (3) violation of his due process and Sixth Amendment rights by a "duplicitous cause conviction"; (4) violation of a prior decision by the State not to prosecute him; (5) violation of his Sixth Amendment rights because the jury did not decide whether one of his sexual conduct convictions was for a first- or second-degree offense; (6) ineffective assistance of counsel at the appellate and post-conviction stages

of his case; and (7) violation of his due process rights by a movement among Arizona judges and justices aimed at diminishing the writ of habeas corpus "until it has been effectively eliminated as a tool for challenging convictions." Doc. 1.

Judge Burns found that Petitioner's claims were barred by the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Doc. 20. Judge Burns found that equitable tolling should not be applied and that Petitioner had not shown actual innocence. *Id.* Alternatively, Judge Burns concluded that each of Petitioner's claims was procedurally defaulted and that he failed to show cause for the default or actual innocence. *Id.*

## III. Petitioner's Objections and Legal Standard.

Petitioner argues that his claims are not barred by the statute of limitations and that application of Arizona's procedural default rule in this case leads to an impermissible waiver of his constitutional rights. Doc. 23 at 3-13. Petitioner also generally objects to the R&R's analysis of "the record below," "the material facts," and Arizona law, and to its "conclusions of law" and alleged mischaracterizations of Petitioner's arguments. *Id.* at 2-3. Petitioner also reargues the merits of his seven grounds for relief. *Id.* at 13-41.

The Court must undertake de novo review of those portions of the R&R to which specific objections are made. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The portions of the R&R to which Petitioner does not specifically object will be adopted without further discussion. *Id.* The Court will not review Petitioner's generalized objections, nor undertake a global reevaluation of the merits of Petitioner's grounds for relief. *See Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Reyna-Tapia*, 328 F.3d at 1121.

## IV. Analysis.

### A. Statute of Limitations.

The AEDPA establishes a one-year statute of limitations for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitation period generally begins to run

when the state conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Statutory tolling of the limitation period is available for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Judge Burns found that the statute of limitations expired on May 16, 2016. Doc. 20 at 7. This date is calculated by starting the clock on February 12, 2015, the day after the Court of Appeals issued its initial mandate; pausing the clock on March 12, 2015, when Petitioner filed the motion to recall the initial mandate; restarting the clock on June 12, 2015, the day after the Court of Appeals issued its final mandate; and adding two days because the one-year date falls on a Saturday. *See id.* Because this action was not filed until May 31, 2016, Judge Burns found it untimely. *Id.*

Petitioner argues that the 28 days between issuance of the initial mandate and filing of his motion to recall the mandate should be tolled because "the first issued mandate was rendered null and void by that revocation, as a matter of" Arizona law. Doc. 23 at 3. Petitioner asserts that this "unusual situation" is unlike the situation where there is a gap between successive post-conviction relief proceedings. *Id.* In those cases, the mandate issued at the end of the first proceeding "is still lawfully intact when the defendant initiates his successive" proceeding. *Id.* Here, he argues, the first mandate "bec[ame] a nullity, as if it had never happened," once it was recalled. *Id.* Although Petitioner asserts that this result is directed by Arizona law, he cites no law in support.

Respondents argue that Judge Burns correctly found that the limitation period began to run upon issuance of the initial mandate and continued to run until Petitioner filed the motion to recall 28 days later. Doc. 26 at 2 (citing *Baker v. Ryan*, No. CV 12-0140-TUC-BGM, 2015 WL 997801, at *8 (D. Ariz. Mar. 6, 2015) (where the petitioner did not seek review by the Arizona Supreme Court, his post-conviction proceeding was no longer "pending" under § 2244(d)(2) "as of the date the Arizona Court of Appeals issued its mandate regarding its grant of review but denial of relief"); *Bishop v. Dormire*,

526 F.3d 382, 383 (8th Cir. 2008) (holding that in Missouri, "a properly filed motion to recall the [appellate court's] mandate tolls the AEDPA statute of limitations")). The Court agrees with Respondents and Judge Burns.

During the 28 days after the initial mandate issued, no other petition or motion was "pending" to toll the limitations period. Petitioner's counsel filed the motion to recall the mandate for one reason – to extend the time for Petitioner to seek review from the Arizona Supreme Court. Federal courts have held that nothing is "pending" under § 2244(d)(2) between the time when the period to file a timely appeal expires and the filing of a petition for belated appeal, even where the petition to file a belated appeal is ultimately granted. *See McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x 249, 252 (11th Cir. 2007) (agreeing with the Fifth, Seventh, and Tenth Circuits and citing *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001); *Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000); *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000)); *see also Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (agreeing with the majority position that "that nothing is 'pending' for purposes of § 2244(d)(2) when the time for seeking review has elapsed and there is no application under consideration by the state court"). As the *McMillan* court explained:

> While McMillan's [post-conviction] proceedings were pending until the 30-day period to file a timely appeal expired on March 15, 2002 . . . McMillan did not have anything filed in state court for the next 95 days until he filed his petition for belated appeal on June 18, 2002. Regardless of the state court's later actions granting McMillan's petition for belated appeal and stating its order should be filed as a new notice of appeal, there was nothing filed in state court during this 95-day period. Thus, there was nothing "pending" for these 95 days under § 2244(d)(2).

257 F. App'x at 252. The Court agrees with this reasoning, and finds it consistent with the Supreme Court's holding in *Carey v. Saffold* that in "typical 'appeal' states," a petitioner's application for state collateral review remains "pending" for purposes of the AEDPA only until the state's prescribed period for filing an appeal expires and no such appeal has been filed. 536 U.S. 214, 219-21 (2002); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that

[is] the end of the matter' for purposes of § 2244(d)(2).");  *Evans v. Chavis*, 546 U.S. 189, 197 (2006) ("[O]nly a timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court[.]").

Because Judge Burns correctly found that the limitation period was not tolled during the 28 days between the issuance of the initial mandate and Petitioner's filing of a motion to recall the mandate, the Court will reject Petitioner's first objection.  Petitioner does not otherwise object to Judge Burns's findings regarding the statute of limitations.

**B.    Exhaustion and Procedural Default.**

The AEDPA prohibits a federal court from reviewing a petition for writ of habeas corpus filed "on behalf of a person in custody pursuant to the judgment of a State court" unless the petitioner has "exhausted the remedies available in the courts of the State[.]"  28 U.S.C. § 2254(b)(1)(A);  *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.");  *Kyzar v. Ryan*, 780 F.3d 940, 946 (9th Cir. 2015) (same).  "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]"  *O'Sullivan*, 526 U.S. at 845.

To "fairly present" his federal claim in state court, a petitioner must provide the factual and legal basis of the claim.  *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009). He must also "make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

If the state court denies relief for "noncompliance with a state procedural rule, the federal claim is procedurally defaulted and a federal court cannot grant relief unless petitioner shows cause for the default and prejudice resulting from the alleged constitutional violation."  *Smith v. Or. Bd. of Parole & Post-Prison Supervision*, 736 F.3d 857, 862 (9th Cir. 2013) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977)).  "For

the procedural default rule to apply, 'the application of the state procedural rule must provide an adequate and independent state law basis on which the state court can deny relief.'" *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) (quoting *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003)).

"The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law." *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule applies "when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'" *Id.* at 1230-31 (quoting *Harris v. Reed*, 489 U.S. 255, 263 & n.9 (1989)); *see also Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) ("[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred . . . . Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default[.]").

### 1. The R&R's Findings.

Judge Burns found that Grounds One, Two, and Three were not presented in Petitioner's direct appeal and were procedurally barred in his state post-conviction proceeding under Rule 32.2(a) because Petitioner could have raised them on direct appeal. Doc. 20 at 13-17. The R&R also found that the procedural bar was independent and adequate, and that Petitioner had not argued or shown cause, prejudice, or a fundamental miscarriage of justice. *Id.* at 14, 16-17.

Judge Burns found that Grounds Four, Five, and Seven were never presented in state court and thus were not exhausted. Doc. 20 at 17, 22. The R&R further found that this failure resulted in procedural default because Petitioner will now be barred from raising the claims in a state post-conviction relief proceeding under Rule 32.2(a). *Id.*

The R&R found that the procedural bar was independent and adequate, and that Petitioner had not argued or shown cause, prejudice, or a fundamental miscarriage of justice. *Id.* at 17-18, 22.

Judge Burns found that Ground Six – Petitioner's claim for ineffective assistance of appellate/post-conviction proceeding counsel – was presented for the first time in Petitioner's reply in support of his petition for post-conviction relief, and Petitioner failed to raise it with the Arizona Court of Appeals in his petition for review. Doc. 20 at 18. Thus, the R&R found that the claim was not fairly presented in state court and is now procedurally defaulted because Petitioner would be barred from raising it under Rule 32.2(a). *Id.* Judge Burns rejected Petitioner's claim that cause for the default could be established under *Martinez v. Ryan*, 566 U.S. 1 (2012), because Petitioner did not demonstrate that his ineffective assistance claim is "substantial." Doc. 20 at 18-21 (citing *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (cause may be established when, among other requirements, "the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim"); *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013) (expanding the *Martinez/Trevino* test to cases "where the underlying [ineffective assistance of counsel] is by appellate counsel rather than trial counsel")).

## 2. Petitioner's Objections.

Petitioner argues that the R&R and the state courts applied a "constructive waiver" of the constitutional rights he seeks to assert, and that such a waiver "blatantly contravene[s] many federal cases" which require waivers to be knowing, voluntary, and intelligent. Doc. 23 at 4-13. Petitioner also argues that "a waiver of a constitutional right is a substantive rule of law, not a mere procedural rule," and therefore the R&R was incorrect to find that his claims had been *procedurally* defaulted in state court. *Id.* at 7. Petitioner seems to assert that Arizona's Rule 32.2, which generally requires a petitioner to assert his claims on appeal or else waive them, violates the federal Constitution to the extent it limits the vindication of his substantive rights. The Court does not agree.

Rule 32.2(a) does not require a substantive evaluation of constitutional claims. The Supreme Court has held that "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits." *Stewart v. Smith*, 536 U.S. 856, 860 (2002). And it is clear from the record that the state court did not evaluate the merits of claims it found procedurally barred. *See* Doc. 15-2 at 88 ("We deny relief. Hipskind could have raised all of these issues on direct appeal. Any claim a defendant could have raised on direct appeal is precluded. Ariz. R. Crim. P. 32.2(a).").

Under Rule 32.2(a)(3), claims of "sufficient constitutional magnitude" are not barred unless they have been knowingly, voluntarily, and intelligently waived. *State v. Espinosa*, 29 P.3d 278, 280 (Ariz. Ct. App. 2001) ("If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim.") (quoting former Ariz. R. Crim. P. 32.2(a)(3) cmt.). This rule applies to fundamental constitutional rights – such as the right to a jury trial or the right to counsel – that can be waived only by the defendant personally and only knowingly, voluntarily, and intelligently. *See Stewart v. Smith*, 46 P.3d 1067, 1070 (Ariz. 2002) ("'Almost without exception, the requirement of a knowing and intelligent waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial.'") (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 237 (1973)). Petitioner does not allege that he was denied such basic constitutional guarantees. He suggests that his various claims amount to major constitutional violations, but they all focus on trial errors – the kinds of errors that can be waived by failing to raise them in previous proceedings. *Id.* ("For most claims of trial error, the state may simply show that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding, and that would be sufficient to show that the defendant has waived the claim.") (quotation marks and citations omitted).[1]

---

[1] Petitioner does argue that Ground Five raises a claim for denial of his right to a jury trial. Doc. 23 at 27-31. But even if Petitioner is correct and this claim would not be procedurally defaulted by an Arizona court under Rule 32.2(a)(3), it would nonetheless

Petitioner also states that he did present his federal constitutional claims in the state post-conviction proceedings, but the superior court "carefully avoid[ed]" addressing them and dismissed them "on procedural grounds, claiming that a default had occurred." Doc. 23 at 4-6. To the extent Petitioner is arguing that his citation of Arizona cases that happened to involve federal constitutional issues in his direct appeal was sufficient to explicitly raise his federal claims, Petitioner is incorrect. *See Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

With respect to Ground Six, Petitioner argues that this claim was properly presented and decided by the superior and appellate courts in his post-conviction review proceeding. *See* Doc. 23 at 32. This assertion is contradicted by the record. The superior court stated: "The issue of ineffective appellate assistance was not even raised until the reply brief. In any event, the petition does not show that appellate counsel's decision not to raise the duplicity issue was anything other than a reasonable tactical choice." Doc. 15-2 at 43. And the appellate court's decision did not address ineffective assistance of counsel at all. *See* Doc. 15-2 at 88. Given this record, the R&R correctly found that Petitioner's ineffective assistance of counsel claim was not fairly presented to the state courts.

Judge Burns correctly concluded that each of Petitioner's claims was unexhausted or procedurally defaulted. Petitioner does not challenge the R&R's findings with respect to the lack of cause, prejudice, or a fundamental miscarriage of justice. Petitioner's

---

be procedurally defaulted as time barred. *See* Ariz. R. Crim. P. 32.4. Petitioner does not argue that Rule 32.4 is subject to an exception for claims of sufficient constitutional magnitude. And in any event, Petitioner does not dispute the R&R's finding that he failed to exhaust this claim.

remaining objections are nonspecific or simply reargue the merits of his grounds for relief.

**IT IS ORDERED:**

1.      Magistrate Judge Michelle H. Burns's R&R (Doc. 20) is **accepted**.

2.      The petition for writ of habeas corpus (Doc. 1) is **denied**.

3.      A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied.**

4.      The Clerk is directed to **terminate** this action.

Dated this 6th day of March, 2018.

_____
David G. Campbell
United States District Judge