**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Alan Hipskind, | No. CV-16-01713-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Petitioner Dennis Hipskind filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On March 6, 2018, the Court accepted Magistrate Judge Michelle H. Burns's report and recommendation (R&R) and denied the petition. Doc. 27. The Clerk entered judgment accordingly. Doc. 28. Petitioner now moves for reconsideration under Rule 59 of the Federal Rules of Civil Procedure. Doc. 32. For the reasons set forth below, the Court will deny the motion.

**I.    Legal Standard.**

Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. S*ee Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Nor should such motions ask the Court to rethink what it has already considered. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rule 59(e) permits alteration or amendment only if:

(1) newly discovered evidence has been presented, (2) the Court committed clear error, (3) the judgment is manifestly unjust, or (4) there is an intervening change in controlling law. *See United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).

## II. The R&R and the Court's Order Accepting It.

Petitioner's § 2254 petition asserted seven grounds for relief (Doc. 1), but the Court did not reach the merits. Petitioner's claims are both barred by the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and procedurally defaulted. *See* Doc. 27.

## III. Petitioner's Rule 59 Arguments.

Petitioner's motion for reconsideration argues that his seven grounds for relief "have been so minimized as to disguise the real facts not to reveal the actual constitutional issues." Doc. 32 at 2. But the Court did not reach the substance of Petitioner's grounds for relief because the claims are time barred. *See* Doc. 27 at 4-7; 28 U.S.C. § 2244(d).

Petitioner also argues that certain findings are "in error and contrary to the record or to Arizona law." Doc. 32 at 3. But the findings Petitioner cites appear in the state court's opinion denying Petitioner's state petition for post-conviction relief. *See* Doc. 27 at 2-3. The Court quoted this opinion solely for background purposes. *Id.* The Court made no findings regarding the merits of Petitioner's grounds for relief.

Petitioner's motion also reargues several of his claims on the merits. *See* Doc. 32 at 9-12. The Court did not consider the substance of the claims in its order accepting the R&R, and will not consider them in the context of a Rule 59 motion.

### A. Statute of Limitations.

With respect to the statute of limitations, Petitioner argues – just as he did in his objections – that the 28-day period between the Arizona Court of Appeals' issuance of the initial mandate and Petitioner's filing of a motion to recall the mandate should be

tolled. Doc. 32 at 3-4; *see also* Doc. 23 at 3. Petitioner has not shown circumstances warranting reconsideration of this issue.

Petitioner concedes that the relevant facts are undisputed and does not assert newly discovered evidence, an intervening change in law, or manifest injustice. *See* Doc. 32 at 3-4. He simply repeats his argument that the state appellate court's granting of Petitioner's motion to recall rendered the initial mandate null and void for purposes of AEDPA's statute of limitations. *Id.* As explained in the Court's order, the statute of limitations is tolled only while a state post-conviction proceeding is "pending." Doc. 27 at 6; 28 U.S.C. § 2244(d)(2). After the Arizona Court of Appeals issued its initial mandate, nothing was pending in Petitioner's post-conviction proceeding until 28 days later when Petitioner filed a motion to recall the mandate.

Petitioner does not cite, and the Court has not found, any case holding otherwise. Federal courts that have addressed this issue have also found that the limitations period is not tolled during the time between the expiration of a petitioner's time to appeal and the filing of a request to file a belated appeal. *See Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) ("We thus agree with the conclusion of several other courts that an application is not 'pending' between the expiration of the time for appeal and the filing of a petition for belated appeal.") (citing *McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x 249, 252 (11th Cir. 2007); *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001); *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001); *Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000); *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000)).

Petitioner has not shown clear error in the Court's holding that Petitioner's claims are untimely.

**B.    Procedural Default.**

The Court also held that each of Plaintiff's seven grounds for relief is procedurally defaulted. Doc. 27 at 7-11. Specifically, Grounds One, Two, and Three were not presented in Petitioner's direct appeal and were subsequently procedurally barred under Arizona Rule of Criminal Procedure 32.2(a) in Petitioner's post-conviction-relief

proceeding. *Id.* at 8. Grounds Four, Five, and Seven were never presented in state court, and Petitioner will now be procedurally barred from bringing them under Rule 32.2(a). *Id.* Ground Six, a claim for ineffective assistance of appellate and post-conviction-proceeding counsel, was argued for the first time in Petitioner's reply in support of his state petition for post-conviction relief, and was not addressed in his subsequent petition for review with the Arizona Court of Appeals. *Id.* at 9. Thus, this claim was not fairly presented in state court.

Petitioner argues that the Court's reading of Rule 32.2 is incorrect, asserting: "There is no language anywhere in Rule 32 that says that if an issue has not been raised in a direct appeal, it is deemed waived and cannot be raised in post-conviction proceedings." Doc. 32 at 14. Rule 32.2(a) states that a "defendant is precluded from relief under Rule 32 based on any ground: . . . waived at trial, on appeal, or in any previous collateral proceeding." Arizona courts apply this rule to preclude a defendant from raising a claim in a Rule 32 petition where the defendant failed to timely raise it in prior proceedings. *See Stewart v. Smith*, 46 P.3d 1067, 1070 (Ariz. 2002) ("For most claims of trial error, the state may simply show that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding, and that would be sufficient to show that the defendant has waived the claim."). There is an exception for certain types of claims enumerated in Rule 32.2(b) and for claims of "sufficient constitutional magnitude." *See State v. Espinosa*, 29 P.3d 278, 280 (Ariz. Ct. App. 2001). But as explained in the Court's order accepting the R&R, Petitioner's claims do not fall into the exception. *See* Doc. 27 at 10.

If Petitioner were to bring a second Rule 32 petition, Grounds One through Five and Seven would be deemed waived and thus precluded under Rule 32.2(a)(3) because Petitioner failed to raise them on direct appeal. Ground Six would also likely be deemed waived because it was not raised until Petitioner's reply brief in support of his first Rule 32 petition, and was not raised in his subsequent petition for review to the court of appeals. *See State v. Bennett*, 146 P.3d 63, 67 (Ariz. 2006) ("[W]hen 'ineffective

- 4 -

assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.'"). In any event, the Court cannot hear Petitioner's claims because they were not exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.").

Petitioner argues that Grounds Four through Seven were fairly presented in state court. Doc. 32 at 15. The Court considered and rejected this same argument in its order accepting the R&R. *See* Doc. 27 at 11. Petitioner identifies no clear error in the Court's analysis.

### C. Certificate of Appealability.

Petitioner asks the Court to reconsider its decision to deny a certificate of appealability. Doc. 32 at 6-8. Specifically, Petitioner argues that reasonable minds could differ as to whether the 28-day period should be tolled because "no case law cited by the Court requires or authorizes" the Court's holding. *Id.* at 8. Although there is no binding precedent requiring the Court's conclusion on this issue, Petitioner has identified no law in support of the opposite conclusion. Since the Supreme Court's decision in *Carey v. Saffold*, 536 U.S. 214 (2002), it appears that every court to address this issue has agreed that tolling is not available during the time between the expiration of an appeal period and a request to file a belated appeal. *See supra* Part III(A). The Court therefore does not find this issue fairly debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling."). Nor could reasonable minds differ as to Petitioner's failure to exhaust his claims and resulting procedural default. The Court will not reconsider its decision to deny a certificate of appealability.

**IT IS ORDERED** that Petitioner's motion to alter or amend judgment (Doc. 32) is **denied**.

Dated this 19th day of June, 2018.

_____
David G. Campbell
United States District Judge